PER CURIAM.
| ,This case arises out of the termination of plaintiff Julie Gaspard from her position as a police officer with the Abbeville Police Department. Upon investigation of an incident that occurred during a classroom taser demonstration, the City of Abbeville Police Department’s Internal Affairs Board (hereinafter “LAB”) determined that Ms. Gaspard did not follow departmental policies while using the taser, resulting in the injury of a child. The City Council unanimously voted to terminate her employment and she appealed, alleging violations of La. R.S. 40:2351(B) and (C)[1] pertaining to officer’s rights.
*791 Ms. Gaspard asserts that a statement made by Sergeant Hebert, the Abbeville Police Department taser training officer, was not provided to her upon request, violating her rights as a police officer and rendering her termination an absolute 12nullity. The Civil Service Board (hereinafter “CSB”) upheld the termination. Ms. Gaspard thereafter appealed to the Fifteenth Judicial District Court, which affirmed the CSB decision finding as a fact that the statement was recorded, however, plaintiff was not entitled to a copy of it.
The Court of Appeal reversed, finding La. R.S. 40:2531(B)(3) does not limit the necessity of recording an interview to the police employee or officer under investigation, but applies to all interrogations of any police employee or law enforcement officer in connection with an investigation. The Court of Appeal determined there was no factual support for the finding that Sgt. Hebert’s interview was actually recorded. The interviewing officers testified that it is the practice of the IAB to record all such interviews; however, no recording could be located. The Court of Appeal therefore found that without proof of the recording, it did not exist, resulting in a violation of the minimum rights of a police employee or law enforcement officer pursuant to La. R.S. 40:2531. The City of Abbeville therefore filed the instant writ application, arguing the Court of Appeal erred in reversing the ruling of the Fifteenth Judicial District Court. We grant the City of Abbeville’s writ application and reverse the ruling of the Court of Appeal.
We find the fact that the recording could not be produced does not effectively prove the statement was not recorded. Moreover, the Court of Appeal’s interpretation of La. R.S. 40:2531(B)(3) essentially entitles an officer to a copy of all statements taken during an investigation. We disagree and find that, according to the plain language of the statute, Ms. Gaspard is only entitled to request a copy of her own statement and, as this is a personal right, the question of whether or not Sergeant Hebert’s statement was actually recorded is of no consequence. The statute clearly states that “[t]he police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request” (emphasis added). We find |snothing in this language to suggest that Gaspard is entitled to a copy of all statements made during an investigation. The rules of statutory construction require the law to be applied as written if the law is clear and unambiguous and its application does not lead to absurd consequences. La. C.C. art. 9. Under the circumstances, we believe the law is clear and Gaspard’s rights were not violated.
DECREE
For the reasons discussed above, we find the Court of Appeal erred in reversing the District Court’s ruling. Accordingly, we reverse and reinstate the ruling of the Fifteenth Judicial District Court.
VICTORY, J., would deny.
WEIMER, J., dissents in part and would grant and docket.

. La.R.S. 40:2531(B)(3) provides:
Whenever a police employee or law enforcement officer is under investigation, the following minimum standards shall apply:
[[Image here]]
(3) All interrogations of any police employee or law enforcement officer in connection with the investigation shall be recorded in full. The police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.
[[Image here]]
La. R.S. 40:2531(C) provides: There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer *791 unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.